MYER v. ABBETT.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

ATTORNEYS—SUBSTITUTION—DOCKETING JUDGMENT FOR FEES AGAINST CLIENT.
On a motion by plaintiff for a substitution of attorneys, and the con-
firmation of the report of a referee as to the amount due the former attor-
neys from plaintiff, rule 27 of the general rules of practice does not au-
thorize a provision in the order that judgment be docketed against plaintiff
in favor of the claimants for the amount due for their services as fixed;
such rule having no application to such proceeding, and referring only to
orders granted on petitions where no complaint is filed, and not to orders
entered on decisions of ordinary motions.

Appeal from judgment on report of referee.

Action by Mary H. Myer, individually and as trustee of the estate
of Clark L. Sharpsteen, deceased, and as general guardian of Mary
Helena Sharpsteen, an infant, against Leon Abbett, as executor of
the estate of William J. A. Fuller, deceased, and others, in which
plaintiff moved for an order of substitution of attorneys. From an
order confirming the report of a referee awarding Hascall, Clarke
& Vander Poel, plaintiff's former attorneys, a certain sum as fees
in the case, and directing that a judgment be docketed against
plaintiff in their favor for such amount, plaintiff appeals. Mod-
ified.

Argued before VAN BRUNT. P. J., and RUMSEY, PATTER-
SON, INGRAHAM, and PARKER, JJ.

E. W. Johnston, for appellant.
J. H. Judge, for respondent.

PATTERSON, J. The appeal from the order confirming the re-
port of the referee brings up for consideration, in the first place,
the finding made as to the value of the services rendered to the
plaintiff by the claimants, the attorneys who represented her im-
mediately before the substitution of her present attorneys. On ex-
amining the record to ascertain what services were performed, and
the value thereof, we find that they extended over a period of some-
thing more than two years, but they were not of such a character
as involved any special skill or unusual labor, and assuming, as was
undoubtedly the fact, that they performed all the services precisely
as they state, it is evident that many of the items contained in the
account are ordinary routine services, for which no specific charge
was or could be made. The whole bill is for services rendered in
one action. When the claimants whose bill is now under exami-
nation came into the case it was at issue, and had been on trial for
a long time before a referee. Taking into consideration the state-
ment of items of their bill, and bearing in mind that there is but
one subject of employment, and that their services were in connec-
tion with a case taken up by them before a referee, and the trial of
which is still unfinished, we think there has been too liberal a val-
uation placed upon the services of these attorneys. There was
conflicting evidence of expert witnesses as to the value of the serv-
ices, but we are of the opinion that the estimate of value made by

the two New York attorneys, testifying on behalf of the defendant, was the more reasonable and proper one under all the circumstances of the case. The order, therefore, with reference to this matter, should be modified by reducing the amount of the value of the services to the sum of $2,000, which is the precise value put upon them by the claimants before any litigation was had. Seven hundred and sixty-five dollars having been paid on account, the balance of $1,235 remains, to which should be added $44.91 disbursements, making a total now due and unpaid of $1,279.91.

There is a provision contained in the order that judgment be docketed against the plaintiff in favor of the claimants for the amount of their services as fixed, and this appeal involves the propriety of that provision. It is claimed that under rule 27 of the general rules of practice such a provision was authorized. The rule referred to has no application to a proceeding of this character, and was not intended to accomplish such a purpose. It refers only to orders granted on petitions where no complaint is filed, and was intended to cover that class of applications that could be made only on petition, and not to relate in any way to orders entered upon the decision of ordinary motions such as this is. The provision relating to the entry of judgment must be expunged.

The order appealed from must be modified in accordance with the foregoing views, and, as modified, affirmed, without costs of this appeal to either party. All concur.